1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   FREDERICK MITCHELL, an            No. 2:19-cv-297 WBS EFB
     individual; KELLY MITCHELL, an
13   individual; and KRISTA MITCHELL,
     an individual,

14                                      ORDER
                   Plaintiffs,
15
           v.
16
     DAYLE A. IMPERATO, an individual
17   and in her capacity as TRUSTEE
     for the D. IMPERATO TRUST dated
18   2/3/12; SCHAKANA, a California
     Corporation; JOHN and JANE DOES
19   1-10; and XYZ CORPORATIONS 1-10,

20                   Defendants.

21

22                          ----oo0oo----

23           Before the court is plaintiffs' Ex Parte Emergency

24   Application and Motion for Temporary Restraining Order (Docket

25   No. 1) and Ex Parte Request for Order Dissolving TROs (Docket No.

26   11).  The court issues this Order without oral argument.

27

28
                                  1

I.    Factual and Procedural Background

        According to the allegations of the Complaint, plaintiffs Frederick Mitchell, Kelly Mitchell, and Krista Mitchell are tenants in the real property located at 10087 Bond Road, Elk Grove, California.  Plaintiffs allege that on or about November 25, 2019, Frederick Mitchell responded to defendant Dayle Imperato's Craiglist posting offering defendant's property for rent.[1]  (Compl. ¶ 16 (Docket No. 5).)  After discussing the property and the possibility of a rental arrangement over the phone, defendant scheduled a meeting with plaintiffs for later that day.  (Id. ¶¶ 18-19.)  Plaintiffs allege that after defendant met Frederick Mitchell in person and discovered that he and his daughter Kelly Mitchell are black, defendant became reticent about discussing a rental arrangement.  (Id. ¶ 22.) After plaintiffs met with defendant a second time, they maintain that she confirmed a five-year lease term and authorized plaintiffs to conduct renovations on the property.  (See id. ¶¶ 23-25.)  Plaintiffs concede that the parties never reduced this agreement to writing.  (Id. ¶ 25.)

        Frederick Mitchell contends that when he met with defendant again on December 16, 2018, she demanded that he immediately start renovations on the property and that the renovations were simply in exchange for a single month of tenancy.  (Id. ¶ 27.)  At the end of the month, plaintiffs would have to vacate the premises.  (See id.)  Plaintiffs maintain that

_____

        [1]    This Order uses "defendant" to refer to Dayle Imperato because all of plaintiffs' allegations concern Imperato's individual conduct.

they were shocked because they had relied on defendant's oral representations about a long-term rental agreement. (See id.) Plaintiffs shelter over 30 rescue animals and claim that they paid a substantial amount of money to transport and house the animals on defendant's property. (See id. ¶ 27-28.) Plaintiffs also allege that throughout the past two months, defendant has subjected them to repeated harassment. (See id. ¶¶ 30-49.) For instance, defendant has allegedly changed plaintiffs' access code to the property (id. ¶¶ 36-37), attacked their dogs (id. ¶ 42), and made racially derogatory remarks in their presence (id. ¶¶ 40, 45). Plaintiffs also aver that defendant taped a 30-day termination of tenancy notice on their door on January 14, 2019. (Id. ¶ 39.) Plaintiffs have since informed this court that on February 13, 2019, the Sacramento Superior Court granted defendant's petition for a temporary restraining order against Krista Michell, which bars her from entering the property. (Docket No. 11.)

On February 15, 2019, plaintiffs filed a motion for a temporary restraining order, asking this court, among other requests, to enjoin defendant from taking any actions to evict them from the property. Plaintiffs then filed their complaint against all defendants on February 19, 2019, alleging numerous causes of action under federal and state law. Plaintiffs seek compensatory damages, statutory damages, special damages, punitive damages, injunctive relief, declaratory relief, and attorneys' fees and costs.

II. Discussion

Injunctive relief is "an extraordinary and drastic

3

remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted). In order to obtain a temporary restraining order or preliminary injunction, the moving party must establish (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20-21 (2008); Humane Soc'y of the U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); see Credit Bureau Connection, Inc. v. Pardini, 726 F. Supp. 2d 1107, 1132 (E.D. Cal. 2010) (O'Neill, J.) (citations omitted) (standards for temporary restraining orders and preliminary injunctions are the same).

"Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original). The irreparable harm claimed here is that absent an injunction their shelter-rescue animals will be killed. Assuming that the deaths of plaintiffs' animals constitute irreparable harm, plaintiffs still must demonstrate that the injury is immediately threatened. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). Plaintiffs have not carried this burden.

First, plaintiffs rely on a declaration of defendant's neighbor Patricia Torres who claims that defendant said to her: "I will kill your dogs. I have a gun and permits to shoot anyone

on my property." (Decl. of Patricia Torres ¶ 4 (Docket No. 1-3).) Such a threat by itself does not establish an imminent risk of irreparable harm to plaintiffs' dogs. The incident Torres describes is from December 2013 and she says she has been harassed by defendant for years since. (See id. ¶¶ 1-2.) Nevertheless, she never describes an incident where defendant physically harmed her dog. In fact, plaintiff does not provide this court with evidence that defendant has a history of being violent towards animals. Absent more specific proof, the court concludes that any risk of physical injury to plaintiffs' animals from defendant personally is speculative at this juncture.

Second, plaintiffs believe that if they are evicted, their dogs would die upon return to an animal shelter. Plaintiffs insist that defendants' property is the only available place that has the requisite zoning to house as many animals as plaintiffs have, so they would have to give up many of their animals upon eviction. Plaintiffs' argument requires the court to indulge too many assumptions about the immediate likelihood of such harm. Plaintiffs have provided the court with no evidence indicating that it is likely that their animals would be sent to a shelter and killed before this court could conduct a hearing on a motion for a preliminary injunction. Again, absent such proof, plaintiffs have not shown a risk of immediate and irreparable injury.[2]

[2] The court also notes plaintiffs' delay in seeking a temporary restraining order. Plaintiffs allege that this pattern of harassment began in early December and that they received a 30-day termination of tenancy notice on January 14, 2019. Yet plaintiffs waited until February 15, 2019 to file this motion. A delay in seeking an injunction "is a factor to be considered in

Because plaintiffs have not established a great and immediate harm warranting the grant of the extraordinary relief of a temporary restraining order, IT IS HEREBY ORDERED that plaintiffs' Motion for Temporary Restraining Order (Docket No. 1) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's Emergency Ex Parte Request for Order Dissolving TROs (Docket No. 11), be and the same hereby is, DENIED.

This matter is set for hearing on plaintiffs' request for a preliminary injunction on March 4, 2019 at 1:30 p.m. in Courtroom 5. The parties shall file simultaneous supplemental briefs by 12:00 p.m. on February 28, 2019.

Dated:  February 21, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

weighing the propriety of relief." See Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984); see also Local Rule 231(b) ("In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."). Accordingly, plaintiffs' delay in filing this motion weighs against the need for urgent relief.