UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FREDERICK MITCHELL, an individual; KELLY MITCHELL, an individual; and KRISTA MITCHELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAYLE A. IMPERATO, an individual and in her capacity as TRUSTEE for the D. IMPERATO TRUST dated 2/3/12; SCHAKANA, a California Corporation; JOHN and JANE DOES 1-10; and XYZ CORPORATIONS 1-10,<br><br>Defendants. | No. 2:19-cv-297 WBS EFB<br><br>MEMORANDUM & ORDER RE: MOTION FOR PRELIMINARY INJUNCTION |

----oo0oo----

Plaintiffs Frederick Mitchell, Kelly Mitchell, and Krista Mitchell brought this lawsuit, alleging that defendant Dayle Imperato discriminated against them on the basis of race in renting out her property.[1] Before the court is plaintiffs'

---

[1] This Order uses "defendant" to refer to Dayle Imperato because all of plaintiffs' allegations concern Ms. Imperato's

1

Motion for Preliminary Injunction.[2] (Docket No. 17.)

I. Factual and Procedural Background

The court described much of the relevant factual and procedural background in its prior order denying plaintiffs' Motion for Temporary Restraining Order. (Docket No. 13.) After the court issued that order, the parties provided the court with additional information, which the court did not previously know.

It now appears that on February 19, 2019, Elk Grove police removed Krista Mitchell from defendant's property pursuant to a temporary restraining order issued by the Sacramento Superior Court. (Decl. of Susan C. Wallace ("Wallace Decl.") ¶ 4 (Docket No. 17-1).) The following day, two animal rescue volunteers entered defendant's property on Krista Mitchell's behalf to feed the dogs still on defendant's property. (See Decl. of Kaitlin Beer ("Beer Decl.") (Docket No. 17).) On February 21, 2019, officers with the Elk Grove Police Department Animal Control Unit seized those animals. According to the notice of seizure, officers allege that plaintiffs' animals had been without proper care and that plaintiffs had been given until 5 p.m. that day to remedy this problem. (See Ex. A, Notice of Seizure of Animals (Docket No. 17).) Even though plaintiffs recruited volunteers to remove the animals from defendant's

---

individual conduct.

[2] Plaintiffs' motion for temporary restraining order filed February 15, 2019, complaint filed February 19, 2019, and amended motion for preliminary injunction filed February 28, 2019 all purport to be signed by attorney Susan C. Wallace. However, the records of the State Bar of California show that Ms. Wallace's license to practice law was converted to inactive status on February 27, 2019.

2

property, those volunteers did not arrive until after 6:30 p.m. (See Beer Decl.) At that time, officers informed the volunteers that the animals had been seized and that they were not allowed to collect them. (Id.) The Elk Grove police subsequently charged plaintiffs with related misdemeanor violations. (See Wallace Decl. ¶ 2.) Plaintiffs then requested a hearing on the seizure of their animals. (Ex. B, Req. for Hr'g (Docket No. 17).) A hearing took place on February 27, 2019 at 1:00 p.m and defendant alleges that plaintiffs were not present for that hearing. (Decl. of Dayle A. Imperato ¶ 17 (Docket No. 18-1).)

II. Discussion

Injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted). In order to obtain a preliminary injunction, the moving party must establish (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20-21 (2008); Humane Soc'y of the U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009). "To warrant a preliminary injunction, [plaintiffs] must demonstrate that [they] meet[] all four of the elements of the preliminary injunction test established in [Winter]." DISH Network Corp. v. F.C.C., 653 F.3d 771, 776 (9th Cir. 2011).

"Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain

3

a preliminary injunction." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original). Here, plaintiffs contend that they "will suffer irreparable harm to include more than 50 misdemeanor counts for animal neglect, $650 per day in animal care fees from the City of Elk Grove, loss of more than 50 rescue dogs, loss of occupation, public shaming, and loss of enjoyment of life."[3] (Docket No. 17 at 7.) Even with these new facts and allegations, plaintiffs are not entitled to preliminary relief.[4]

Plaintiffs' alleged injuries do not constitute irreparable harm. Any economic harm due to animal care fees or loss of occupation does not support a finding of irreparable injury because economic loss can be remedied by a damage award. See Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) (citation omitted); see also Sampson v. Murray, 415 U.S. 61, 90 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered,

---

[3] In their motion for a temporary restraining order (Docket No. 1), plaintiffs argued that, absent an injunction, their shelter-rescue animals would be killed. It is unclear to the court whether plaintiffs continue to make that argument here. Regardless, plaintiffs still have not provided the court with any evidence indicating that it is likely that these animals would be killed during the pendency of this action.

[4] The court again notes plaintiffs' delay in seeking preliminary relief. Plaintiffs allege that defendant's harassing behavior began in early December and that they received a 30-day termination of tenancy notice on January 14, 2019. Yet plaintiffs waited until February 15, 2019 to file their motion. A delay in seeking an injunction "is a factor to be considered in weighing the propriety of relief." See Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984). Accordingly, plaintiffs' delay in seeking relief weighs against the need for a preliminary injunction.

4

does not usually constitute irreparable injury."). As to their other alleged injuries, plaintiffs merely state that they will suffer "public shaming" and "loss of enjoyment of life" without an injunction. The court is not aware of any authority that states that these injuries constitute irreparable harm. Regardless, because plaintiffs do not demonstrate the likelihood and nature of such injuries with sufficient detail, the court must conclude that these harms are merely speculative. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). Finally, even though a criminal prosecution is ongoing, the court is not convinced that such a harm is actually irreparable. Plaintiffs "still have mechanisms to divert or defend against a prosecution . . . and to challenge a conviction if one [is] obtained." See Koller v. Brown, 224 F. Supp. 3d 871, 880 (N.D. Cal. 2016) (detailing how individuals may avoid the harms of criminal proceedings). Plaintiffs have not indicated that any injury from state prosecution is immediately threatened. Accordingly, none of plaintiffs' alleged injuries satisfy the second requirement of the Winter test.

Even if plaintiffs' alleged injuries constitute irreparable harm, granting plaintiffs' requested relief would not remedy such harm. Plaintiffs' alleged injuries all stem from the city seizing their animals.[5] Plaintiffs' requested relief,

---

[5] To the extent some animals may still be on defendants' property, the court presumes that those animals remain in the control of Elk Grove Animal Control given the notice of seizure of animals.

5

however, does not require Elk Grove to return the animals to plaintiffs' possession. Moreover, this court could not issue such an order because the city is not a party to this lawsuit. The court does not have the authority to enter an injunction against a non-party. See James v. Scribner, No. 1:07-cv-880 TUC RCC, 2010 WL 3942844, at *2 (E.D. Cal. Oct. 4, 2010) (citing Scott v. Donald, 165 U.S. 107, 117 (1897)); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which [it] is not designated as a party or to which [it] has not been made a party by service of process.").

Plaintiffs contend, however, that Sarah Humlie, the Animal Services Supervisor for the city, stated that the rescue dogs will be returned to plaintiffs if they are restored to the barn. (Docket No. 17 at 7.) Because plaintiffs do not substantiate such hearsay by including a declaration from Ms. Humlie verifying that purported promise, the court gives little weight to this evidence. See Michaels v. Internet Entm't Grp., Inc., 5 F. Supp. 2d 823, 832 n.2 (C.D. Cal. 1998) (holding that even though hearsay is admissible on a motion for preliminary injunction, the court may assign the evidence little weight). Regardless, assuming that the statement accurately represents what Ms. Humlie told plaintiffs, there is no evidence that she has the authority to speak on the city's behalf. Absent more definitive and authoritative representations from the city, the court does not find that any injunction entered in this case would likely result in the return of the animals to plaintiffs'

possession.  Instead, plaintiffs would be better served by participating in state proceedings that directly address the seizure of these dogs.  Because plaintiffs' requested relief in this court will not remedy any of their alleged injuries, they are not entitled to a preliminary injunction.[6]

For these reasons, IT IS HEREBY ORDERED that plaintiffs' Motion for Preliminary Injunction (Docket No. 17) be, and the same hereby is, DENIED.

Dated: March 4, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[6] Because plaintiffs have not shown a likelihood of irreparable harm, the court does not address the other preliminary injunction factors.

7