UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FREDERICK MITCHELL, an individual; KELLY MITCHELL, an individual; KRISTA MITCHELL, an individual; and ELK GROVE ANIMAL RESCUE, a sole proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>DAYLE A. IMPERATO, an individual and in her capacity as TRUSTEE for the D. IMPERATO TRUST dated 2/3/12; SCHAKANA, a California Corporation; JOHN and JANE DOES 1-10; and XYZ CORPORATIONS 1-10,<br><br>Defendants. | No. 2:19-cv-297 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>DEFENDANT'S MOTION TO DISMISS</u> |

----oo0oo----

Plaintiffs Frederick Mitchell, Kelly Mitchell, and Krista Mitchell brought this lawsuit, alleging that defendant Dayle Imperato[1] discriminated against them on the basis of race

---

[1] On May 17, 2019, plaintiffs voluntarily dismissed defendant Schakana because that party does not exist. (Docket

1

in renting out her property. Before the court is defendant's Motion to Dismiss.[2] (Docket No. 40.)

I. Discussion

   A. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (citations and quotations omitted). However, "[i]n civil rights cases where the plaintiff[s] appear[] pro se, the court must construe the pleadings liberally and must afford plaintiff[s] the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).[3]

---

No. 41.) Accordingly, the only remaining named defendant is Dayle Imperato.

   [2] This court took this motion under submission on the papers, without oral argument, pursuant to Local Rule 230(g).

   [3] Defendant also asks this court to dismiss this case on the grounds plaintiffs did not comply with orders of this court. "[D]ismissal [on such a basis] is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The court

2

1          B.    42 U.S.C. § 2000a & 42 U.S.C. § 2000a-2

In relevant part, 42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." Relatedly, 42 U.S.C. § 2000a-2 prohibits persons from depriving, interfering with, and punishing individuals for exercising rights and privileges secured by Section 2000a. Plaintiffs allege that defendant racially discriminated against them in renting out and providing access to the property in violation of Section 2000a. (See FAC ¶ 78.) Plaintiffs also contend that defendant violated Section 2000a-2 by harassing and intimidating them as they have tried to gain access to the property. (Id. ¶¶ 79-82.)

In order to be entitled to relief under Section 2000a, plaintiffs must allege with sufficient facts that defendant's rental property "is a place of public accommodation." See Clegg v. Cult Awareness Network, 18 F.3d 752, 756 (9th Cir. 1994). Section 2000(a) lists fifteen examples of places open to the public at large, and none of those examples include the property at issue in this case. Even though the complaint alleges that defendant rents out part of her property, "this alone falls far short of transforming [her residence] into a public

---

accepted plaintiffs' explanation that they did not appear at the hearing on defendant's initial motion to dismiss, because filings in this case were being sent to plaintiffs' former attorney. (Docket No. 43.) Therefore, the court is satisfied that this is not one of those circumstances where involuntary dismissal is warranted.

3

accommodation." See Welsh v. Boy Scouts of Am., 993 F.2d 1267, 1274 (7th Cir. 1993); see also Johnson v. HI Point Apts, LLC, No. CV 16-3236 JLS (AJW), 2017 WL 5634609, at *6 (C.D. Cal. Sept. 29, 2017) ("The apartment that plaintiff rents is not a place of public accommodation."). Moreover, the court is not aware of any authority that holds that a place transforms into a public accommodation because it is zoned a particular way. While defendant may leave the gate to her property open or host events on the premises (see FAC ¶ 77), the complaint does not allege that the facilities have ever been open to the public at large. See Clegg, F.3d at 755 n.3 ("Only when the facilities are open to the public at large does Title II govern."); see also id. at 756 (merely holding events on a property does not transform it into public accommodation).

Accordingly, because defendant's property is not a place of public accommodation, the court must dismiss plaintiff's claim under 42 U.S.C. § 2000a. Since plaintiffs do not have a right or privilege under Section 2000a, this court will also dismiss plaintiffs' cause of action under 42 U.S.C. § 2000a-2.

C. 42 U.S.C. § 1981

Section 1981 states that all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). These rights "are protected against impairment by nongovernmental discrimination and impairment under color of State law." Id. § 1981(c). While plaintiffs do not need to plead a prima facie

4

case of discrimination to survive a motion to dismiss, they still must allege sufficient facts under Federal Rule of Civil Procedure 8(a) that entitle them to relief. See Austin v. Univ. of Oregon, --- F.3d ----, 2019 WL 2347380, at *3 (9th Cir. June 4, 2019). Plaintiffs allege that defendant violated Section 1981 when she refused to enter into a written rental agreement with plaintiffs because they are black citizens. (FAC ¶ 88.)

This claim fails, however, because plaintiffs have not claimed that defendant's alleged racial discrimination interfered with their right to make and enforce contracts. To the contrary, plaintiffs' complaint concedes that, on November 26, 2018, defendant confirmed their occupancy and a five-year lease term. (FAC ¶ 39.) Further, plaintiffs do not contend that defendant's alleged racial discrimination impaired any rights under a contractual relationship. See Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (stating that parties must "identify an impaired 'contractual relationship'"). Plaintiffs do not explain what rights were specifically impaired and, even if some were, how defendant's discriminatory conduct relates to any impairment. Plaintiffs must, but have failed to, connect defendant's alleged racial animus to the parties' contractual relationship. See id.

Accordingly, the court must dismiss plaintiffs' claim under Section 1981.

D. 42 U.S.C. § 1983

42 U.S.C. § 1983 holds liable any person who, under color of law, deprives another of their rights, privileges, or immunities secured by the Constitution and laws of the United States. To recover under Section 1983, "a plaintiff must show

'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (citations and quotations omitted). Generally, private parties do not act under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Plaintiffs allege, as part of this claim, that defendant accused them of crimes, harassed them, and started illegal eviction procedures. (See FAC ¶ 91.) Plaintiffs' allegations, however, are wholly conclusory and never explain how any state action deprived them of their federal rights. See Price, 939 F.2d at 708 (finding that conclusory allegations, unsupported by facts, are insufficient to state a claim under the Civil Rights Act). These allegations implicate purely private conduct by defendant. There are no allegations that the police or any other state actor instituted any criminal process in response to defendant's complaints nor that the state evicted plaintiffs in concert with defendant in violation of their federal rights.

Accordingly, the court will dismiss plaintiffs' Section 1983 claim.

E.  The Volunteer Protection Act

Plaintiffs have brought their fifth cause of action under the Volunteer Protection Act of 1997. 42 U.S.C. § 14503. They allege that defendants had a duty to not threaten to sue plaintiffs Kelly Mitchell and Krista Mitchell and that defendant was deliberately indifferent of her obligations to these defendants. (See FAC ¶¶ 93-94.)

"Private rights of action to enforce federal law must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286 (2001). This court must interpret the relevant statute to determine whether it creates both a right and remedy. Id. The focus of this inquiry is the text of the statute and "legal context matters only to the extent it clarifies text." Id. at 288.

Here, nothing within the Volunteer Protection Act indicates that it confers a private right of action on volunteers. The statute merely provides protection from liability for volunteers who act within the scope of their responsibilities. See 42 U.S.C. § 14503; see also World Chess Museum, Inc. v. World Chess Fed'n, Inc., No. 2:13-cv-00345-RCJ, 2013 WL 5663091, at *2 (D. Nev. Oct. 15, 2013) ("The few courts to address the [Act's] protections appear to treat it as an affirmative defense akin to immunity."). It does not contain any provision that addresses tortious conduct committed on volunteers by others. Indeed, nothing within the Act "displays an intent to create . . . a private remedy." Alexander, 532 U.S. at 286. The legislative findings and purpose of the statute indicate that it was created to "clarify[] and limit[] the liability risk assumed

by volunteers" in the face of "the legitimate fears of volunteers about frivolous, arbitrary, or capricious lawsuits." See 42 U.S.C. § 14501(7).

Accordingly, because the Volunteer Protection Act does not create a private right of action, the court will dismiss this cause of action.

F.  The Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act imposes liability on those who employ abusive practices during collection of debt. See 15 U.S.C. § 1692 et. seq. Plaintiffs allege that defendant harassed, intimidated, and threatened them during the debt collection process. (See FAC ¶ 96.)

Liability under the Act requires that the defendant be a debt collector, which is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another.

15 U.S.C. § 1692a. The statute then provides a series of exemptions. "Among those exemptions, for example, the person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector." De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1074 (9th Cir. 2011) (citing 15 U.S.C. § 1692a(6)(F)(ii)). The complaint alleges that the debt is connected to rent and other fees plaintiffs owed defendant as tenants on her property. (See FAC ¶ 96.) As the property owner, defendant originated the source of the debt and sought to collect it on her own behalf. Therefore, defendant cannot be a "debt collector" for the purposes of this statute.

See Yatooma v. OP Prop. Mgmt. LP, No. 2:17-cv-02645 ODW SSX, 2017 WL 3120259, at *2 (C.D. Cal. July 20, 2017) (same); Leasure v. Willmark Communities, Inc., No. 11-cv-00443 BEN DHB, 2013 WL 6097944, at *3 (S.D. Cal. Mar. 14, 2013) (same).

Accordingly, because defendant is not a debt collector under the statute, the court must dismiss plaintiff's cause of action under the Fair Debt Collection Practices Act.

G. State Law Claims

Plaintiffs' remaining claims are state law claims, and this court's jurisdiction over them is based on supplemental jurisdiction under 28 U.S.C. § 1367. Because the court will dismiss plaintiffs' federal claims, see supra, the court declines to exercise jurisdiction over plaintiffs' pendant state law causes of action. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).[4] The court will dismiss these state law claims without prejudice. See Brandwein v. Cal. Bd. of Osteopathic Examiners, 708 F.2d 1466, 1475 (9th Cir. 1983).

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss (Docket No. 40) be, and the same hereby is, GRANTED. Plaintiffs' First through Sixth claims are DISMISSED WITH PREJUDICE.[5] Plaintiffs' Seventh through Eleventh claims are

---

[4] Plaintiffs labeled requests for injunctive and declaratory relief as causes of action in their complaint. (See FAC ¶¶ 107-110.) However, requests for relief are not independent causes of action. See Veridian Credit Union v. Eddie Bauer, LLC, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017).

[5] This court declines to grant plaintiffs leave to amend their federal claims because it appears that any amendment would be futile. See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

9

DISMISSED WITHOUT PREJUDICE to refiling in state court.  The Clerk of Court is instructed to close this case.

Dated:  June 24, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE